Bay, J.,
agreed with j ohnson, and Brevard, Justices. On tlie .second point he was of opinion, that the discount ought not to-have been allowed. He said it would be attended with great mischief to allow third persons, strangers to a-deed, or contract, to vary the rights of, the parties in a collateral question.
Waties, J.
• The vessel did not touch at a British.port. There was no violálion of the French ordinances; no breach of neutrality ; no infraction of the law of nations. The sentence of condemnation was arbitrary and unjust; and the plaintiffs were not in fault. No representation on their part was necessary, in order to put the insurers on their guard against oppressive and illegal captures, and confiscation ; or acts contrary to the laws and usages observed among civilized nations.
. The evidence as to the discount was properly allowed. It would not have, been equitable and just to have restrained the evidence, to what appeared, on the face of the policy, or to the assignment;. and having allowed. the defendants to shew by evidence dehors these writings, that the right to the money due on the policy was . in Thayers & Sturgis,, for the purpose of .establishing the discount set up against this action ; it.was certainly equally.proper to allow the plaintiifs to rebut this proof, and shew by other evidence, that this right was not in Thayers &, Sturgis, when this action was. brought, but had been previously transferred to, and vested in, other, persons, and that the discount could not be allowed, being between other parties. ., ;. i